IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID ELMA BUSH                                                                                   PLAINTIFF

vs.                                            Civil No. 2:16-cv-02208

NANCY A. BERRYHILL                                                                           DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David Elma Bush ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on February 26, 2014. (Tr. 42). In his applications, Plaintiff alleges being disabled due to lower back and neck injuries, dyslexia, and diabetes. (Tr. 291). Plaintiff alleges an onset date of January 31, 2014. (Tr. 42). These applications

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

were denied initially and again upon reconsideration. (Tr. 107-156).

Thereafter, Plaintiff requested an administrative hearing on September 4, 2014. (Tr. 188-189). The ALJ granted that request and held an administrative hearing on March 12, 2015 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Ivan Gibbons. *Id.* Plaintiff, a witness for Plaintiff, Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.*

After this hearing, on July 2, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 39-51). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 44, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2014, his alleged onset date. (Tr. 44, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease, diabetes mellitus, and organic mental disorder. (Tr. 44, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 44-46, Finding 4).

The ALJ determined Plaintiff was forty-nine (49) years old on his allege disability onset date, which is defined as a "younger individual." (Tr. 49, Finding 7). As for his level of education, the ALJ determined he had at least a high school education and was able to communicate in English. (Tr. 49, Finding 8).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 46-49, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC

2

to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform reduced light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: lift/carry 10 pounds frequently and 20 pounds occasionally; sit/stand/walk 6 hours in an 8 hour workday; occasionally stoop, crouch, crawl, climb, balance, kneel; occasionally reach overhead bilaterally; can do simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed; can respond to supervision that is simple, direct, and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform his PRW. (Tr. 49, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 50-51, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as the following: (1) air purifier servicer with 1,150 such jobs in Arkansas and 139,760 such jobs in the United States; (2) laundry worker with 3,270 such jobs in Arkansas and 391,650 such jobs in the United States; and (3) account representative "of sandwich board carrier" with 108 such jobs in Arkansas and 15,160 such jobs in the United States. (Tr. 50-51, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 31, 2015 (alleged disability onset date) through July 2, 2015 (ALJ's decision date). (Tr. 56, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 1-3). On July 12, 2016, the Appeals Council denied this request. *Id.* On August 19, 2016, Plaintiff filed the present appeal with the Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 23,

3

2016. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ripe for determination.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (1) the ALJ's decision is not supported by the record as a whole; (2) the ALJ failed to properly develop the evidence in the record; (3) the ALJ failed to consider evidence "which fairly detracted from his findings"; and (4) the ALJ erred in consideration of Plaintiff's subjective complaints, in consideration of his physician's opinions, in assessment of his RFC, and in his determination at Step Five. ECF No. 9 at 1-21.

Because the Court finds the ALJ erred in evaluating Plaintiff's subjective complaints, the Court will only consider Plaintiff's fourth argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 48-49). Indeed, although the ALJ recited he had properly evaluated Plaintiff's subjective allegations, the ALJ truly only discounted Plaintiff's subjective complaints because they were not supported by her medical records:

> After careful consideration of the evidence as set forth above, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. *In making this finding, the undesigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. . . .*

(Tr. 48) (emphasis added).

Indeed, although the ALJ also referenced Plaintiff's daily activities, those activities only included doing "dishes and laundry," having "no problems with personal care," being able to prepare meals, going "outside about 5 times a day," driving, going out independently, shopping in stores with his wife, and paying bills and handling finances. (Tr. 49). These activities are certainly not

7

extensive nor do they justify discounting Plaintiff's alleged limitations resulting from his lower back and neck injuries, dyslexia, and diabetes.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 28th day of July 2017.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.